IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEREMY MOODY, : | |
| : | |
| Plaintiff, : | |
| VS. : | |
| : | CASE NO. 5:15-CV-348-MTT-MSH |
| DEPUTY WARDEN KEITH : | |
| EUTSEY, *et al.*, : | |
| : | |
| Defendants. : | |

_____

**ORDER AND RECOMMENDATION**

*Pro se* Plaintiff Jeremy Moody, a prisoner currently incarcerated at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In accordance with the Court's previous orders, Plaintiff paid an initial partial filing fee. After conducting the preliminary screening required by 28 U.S.C. § 1915A, the undersigned permits Plaintiff's conditions-of-confinement claims against Defendants Whiters, Eutsey, Miller, and Piercy to proceed for further factual development. The undersigned **RECOMMENDS**, however, that Plaintiff's claims of retaliation and his claims against Defendant Chatman be **DISMISSED without prejudice**.

**PRELIMINARY SCREENING**

**I.      Standard of Review**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a

preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.    Factual Allegations

Plaintiff's claims arise from his incarceration in a cell in the segregation unit at the Georgia Diagnostic and Classification Prison ("GDCP"). According to the Complaint, Plaintiff was placed in a segregation cell that had no heat, and temperatures had "been falling below" twenty degrees Fahrenheit. Compl. 5, ECF No. 1. Plaintiff also contends the cell in which he was housed had steel sheets over the bars on the doors that stopped air flow (and consequently, heat flow) into the cells, and he further alleges his requests for additional warm clothing were denied. *Id.* Plaintiff also contends that during the summer months, his cell is unbearably hot and lacks proper ventilation due to the steel sheeting on the doors. *Id.* Plaintiff alleges the heat in his cell has caused him to "pass out over 20 times" and hurt himself. *Id.*

Plaintiff states that he complained about the temperature in the cell to Defendants Whiters, Eutsey, and Miller who all either failed to properly investigate Plaintiff's complaints or determined that the temperature in the cell was acceptable. *Id.* Plaintiff

also states that he complained to Defendant Piercy about the conditions in his cell, but she told Plaintiff that "due to Warden Chapman she could not move" Plaintiff from the cell. *Id.* at 7. Plaintiff also notes that when he complained to "the prison" about these conditions, he was barred from using the law library. *Id.*

## III. Plaintiff's Claims

### A. Conditions of Confinement

It is well established that even though "the Constitution does not mandate comfortable prisons," a prisoner's claim that the conditions of his confinement constitute cruel and unusual punishment may state a claim for relief under the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). To state a conditions-of-confinement claim, a prisoner must show that the deprivations he suffers are objectively and sufficiently "serious" or "extreme" so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). This standard is only met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks omitted), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *Helling v. McKinney*, 509 U.S. 25, 36 (1993). A prisoner must also show that prison officials had the requisite state of mind, *i.e.*, that the officials knew of the excessive risk to inmate health or safety and disregarded that risk. *See Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999).

Construing Plaintiff's claims liberally, as the Court must at this stage, Plaintiff has alleged that he suffered some physical injury from the extreme temperatures and lack of ventilation in his cell. He also alleges that he informed Defendants Whiters, Eutsey, Miller, and Piercy about these conditions, but they refused to take any action to alleviate the problem. As such, the undersigned finds that Plaintiff's conditions-of-confinement claims must proceed against these Defendants.

As to Defendant Chatman, however, Plaintiff has not alleged sufficient facts to state a claim upon which relief may be granted. Plaintiff's sole allegation related to Defendant Chatman is that Defendant Piercy told Plaintiff he could not be moved from his cell "due to Warden Chatman." Compl. 7. Even reading Plaintiff's Complaint liberally, this single allegation does not demonstrate that Defendant Chatman knew of an excessive risk to Plaintiff's health or safety and chose to disregard it. Plaintiff has also failed to allege sufficient facts to state a claim against Defendant Chatman as the remaining Defendants' supervisor. Supervisors can only be held liable under § 1983 if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if the plaintiff shows

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted). Plaintiff's Complaint does not allege Defendant Chatman personally participated in any violation of Plaintiff's constitutional rights, had any customs or policies that led to deliberate indifference to his constitutional rights, directed any of his subordinates to act unlawfully, or knew they were doing so and failed to stop them. As such, Plaintiff has failed to state a constitutional claim against him. *See Hendrix*, 535 F. App'x at 805. The undersigned therefore **RECOMMENDS** that Plaintiff's conditions-of-confinement claims against Defendant Chatman be **DISMISSED without prejudice.**

B.  Retaliation

Plaintiff briefly mentions in his Complaint that he was barred from using the law library when he told "the prison" about the conditions of his confinement. Again construing his allegations liberally, it appears Plaintiff has attempted to state a claim for retaliation. Discipline imposed in retaliation for a prisoner's exercise of a constitutionally protected right may be actionable under § 1983. *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989) (per curiam). Generally speaking, to prove a retaliation claim an inmate needs to show that he engaged in protected conduct; that the prison official's retaliatory conduct adversely affected the protected conduct; and a causal connection between the protected conduct and the adverse action. *See, e.g., Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). To state a cognizable retaliation claim, a prisoner must show that the prison official was "subjectively motivated to discipline" the prisoner for exercising his constitutional rights, *id.* (internal quotation

6

marks omitted), and the prisoner must "come forward with more than 'general attacks'" on a prison official's motivations, *Robinson v. Boyd*, No. 503CV25, 2005 WL 1278136, at *3 (N.D. Fla. May 26, 2005) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998)). In this case, however, Plaintiff has failed to identify which prison official barred him from using the law library. He therefore cannot show that any prison official was subjectively motivated to discipline him for exercising his constitutional rights. As such, the undersigned **RECOMMENDS** that any retaliation claim Plaintiff may seek to assert in this lawsuit be **DISMISSED without prejudice.**

IV. **Conclusion**

Based on the foregoing, the undersigned concludes that Plaintiff's conditions-of-confinement claims against Defendants Whiters, Eutsey, Miller, and Piercy must proceed for further factual development. The undersigned **RECOMMENDS**, however, that Plaintiff's claims of retaliation and his claims against Defendant Chatman be **DISMISSED without prejudice**.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on

7

factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against the Defendants identified above, it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil**

9

**Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action,

10

absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee. As noted above, the Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said

amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED and RECOMMENDED, this 12th day of January, 2016.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE