IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JEREMY MOODY,** | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-348 (MTT) |
| **Deputy Warden KEITH EUTSEY, et al.,** | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Recommendation of Magistrate Judge Stephen Hyles. (Doc. 8). The Magistrate Judge conducted the preliminary screening required by 28 U.S.C. § 1915A and recommends permitting Plaintiff Jeremy Moody's conditions-of-confinement claims against Defendants Whiters, Eutsey, Miller, and Piercy to proceed and dismissing Moody's retaliation claim and his conditions-of-confinement claim against Defendant Chatman. (Doc. 8). Moody has objected. (Doc. 18). Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed Moody's objection and has made a de novo determination of the portions of the Recommendation to which Moody objects.

### I. DISCUSSION

In his objection, Moody has asserted additional facts and attached exhibits to address the deficiencies in his complaint described in the Recommendation. Therefore, the Court will construe the objection as a motion to amend the complaint. *See Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) ("Although the form of those additional allegations were objections to the recommendation of

dismissal, the collective substance of them was an attempt to amend the complaint. Because courts must construe pro se pleadings liberally, the district court should … consider[ the plaintiff's] additional allegations in the objection as a motion to amend his complaint and grant[] it."). Accordingly, this motion is **GRANTED**.

### A.  Eighth Amendment Claims

"[T]o demonstrate an official's deliberate indifference, a plaintiff must prove that the official possessed knowledge both of the infirm condition and of the means to cure that condition, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *LaMarca v. Turner*, 995 F.2d 1526, 1536 (11th Cir. 1993). The Magistrate Judge recommends dismissing Moody's conditions-of-confinement claim against Chatman because Moody has not alleged Chatman knew of an excessive risk to Moody's health or safety and chose to disregard it, nor has he alleged enough facts to state a claim against Chatman as a supervisor. (Doc. 8 at 5). In his objection, Moody alleges that Chatman knew about the conditions of his confinement because he reviewed and signed grievances about these conditions and because he had been notified by two attorneys that there were concerns about Moody's cell. (Doc. 18). Moody attached as exhibits letters from the attorneys and a response to a grievance signed by Chatman about the temperature and ventilation in Moody's cell. (Doc. 18-1 at 2-4).

The letters to Chatman, from two attorneys representing Moody in other matters, express concern about the conditions of Moody's confinement. (Doc. 18-1 at 2-3). The letter from William A. Morrison says other inmates have described Moody's cell as "inhumane," and Morrison requests to see the conditions in which Moody is

being housed so that he may evaluate Moody's future complaints. (Doc. 18-1 at 3). Moody also submitted a grievance response from Chatman stating that the cell has "appropriate temperatures and ventilation." (Doc. 18-1 at 4). As the Magistrate Judge noted, Moody alleges in his complaint that Piercy told him she could not move him "due to Warden Chatman." (Docs. 1 at 7; 8 at 7). This allegation, standing alone, was not sufficient to demonstrate that Chatman knew of an excessive risk to Moody's health or safety and chose to disregard it. (Doc. 8 at 5). However, considering the allegation together with the objection and exhibits, and with the benefit of liberal construction, Moody has sufficiently alleged that Chatman was both aware of the condition of Moody's cell and that Chatman caused the deprivation. *See Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("Plaintiffs' allegations that the County received many reports of the conditions but took no remedial measures is sufficient to allege deliberate indifference to the substantial risk of serious harm faced by inmates in the Jail."). This claim may proceed.

    **B.   Retaliation**

The Magistrate Judge also recommends dismissing Moody's claim that he was barred from the law library in retaliation for filing suit because he has not identified who barred him from the library. (Doc. 8 at 7). In his objection, Moody alleges that Chatman knew he was barred from the law library because Moody submitted grievances about the ban and his attorneys notified Chatman of the ban via letter. (Doc. 18). Although not clear, the Court will assume Moody is alleging that Chatman barred him from the library.

Moody submitted exhibits to support his objection: a grievance response from Chatman about Moody's access to the law library and a letter from attorney Thomas J. Mew to Chatman which notes that Moody has expressed concern about his access to legal resources.  (Doc. 18-1 at 1-He's2).  However, these exhibits do not show that Chatman himself barred Moody from the library; at most, they show that Chatman was aware of the restriction on Moody's access to the library.  Regardless, the grievance response notes that Moody's "assaultive/destructive behavior" has resulted in "special procedures" being put in place to allow Moody to visit the law library and that "documentation shows that [he] receive[s] law library material regularly."  (Doc. 18-1 at 1).  Therefore, the grievance response shows that Moody still has access to materials from the law library.  More importantly, it shows that the disciplinary restrictions on Moody's access to the law library are due to Moody's improper behavior, not because he was exercising a constitutionally protected right as he alleged in his complaint.  *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.").  Thus, Moody has not sufficiently alleged that Chatman or any other prison official was "subjectively motivated to discipline" him for exercising his constitutional rights by barring him from the law library.  *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011).  This claim is **DISMISSED**.

## II.  CONCLUSION

The Court has reviewed the Recommendation, and the Court **ACCEPTS in part and REJECTS in part** the findings, conclusions, and recommendations of the

Magistrate Judge.  Accordingly, the conditions-of-confinement claim against Chatman may proceed along with the claims against Whiters, Eutsey, Miller, and Piercy.  The retaliation claim is **DISMISSED**.  It is **ORDERED** that service be made on Warden Bruce Chatman and that he file an answer or such other response as may be appropriate under Fed. R. Civ. P. 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  The Defendants are also reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service.  The Plaintiff is reminded of his duty to keep the clerk of court and all opposing attorneys advised of his current address, duty to prosecute this action, and the provisions regarding discovery in the Magistrate Judge's order.

**SO ORDERED,** this 11th day of April, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
