IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEREMY MOODY, : | |
| : | |
| Plaintiff, : | |
| VS. : | |
| : | CASE NO. 5:15-CV-348-MTT-MSH |
| DEPUTY WARDEN KEITH : | |
| EUTSEY, *et al.*, : | |
| : | |
| Defendants. : | |

## REPORT AND RECOMMENDATION

Presently pending before the court are Defendants' motions to dismiss (ECF Nos. 23, 34), Plaintiff's motion to dismiss Defendant Whiters (ECF No. 31), and Plaintiff's motion to amend (ECF No. 36). For the following reasons, the Court recommends that Defendants' motions be granted and Plaintiff's motions be denied as moot.

## BACKGROUND

Plaintiff's claims arise from his incarceration in a cell in the segregation unit at the Georgia Diagnostic and Classification Prison ("GDCP"). Plaintiff alleges that, in March 2015, he was placed in a segregation cell that had no heat with temperatures "falling below" twenty degrees. Compl. 5, ECF No. 1. Plaintiff also contends the cell in which he was housed had steel sheets over the bars on the doors that stopped air flow (and consequently, heat flow) into the cells, and he further alleges his requests for additional warm clothing were denied. *Id.* Plaintiff states that during the summer months, his cell is unbearably hot and lacks proper ventilation due to the steel sheeting on the doors. *Id.*

Plaintiff alleges the heat in his cell has caused him to "pass out over 20 times" and hurt himself. *Id.* He contends that the various Defendants knew of these conditions and failed to correct them.

After a preliminary review and amendment to the Complaint, Plaintiff's claims against Defendants Eutsey, Miller, Piercy, Whiters, and Chatman were allowed to proceed. Defendants move to dismiss, asserting multiple grounds for dismissal. (ECF Nos. 23, 34.) Defendants' first ground is that Plaintiff's Complaint, filed *in forma pauperis*, should be dismissed for abuse of judicial process because Plaintiff failed to fully disclose his litigation history. Defs.' Br. in Supp. of Mot. to Dismiss 4-5, 14-15; ECF No. 23-1.; Def. Chatman's Br. in Supp. of Mot. to Dismiss 7, ECF No. 34-1. Because the Court finds this argument persuasive, it need not review the remaining contentions. Furthermore, based on the Court's recommendation of dismissal, Plaintiff's motion to dismiss Defendant Whiters and motion to amend should be denied as moot.

## DISCUSSION

**I.   Abuse of Judicial Process**

Defendants contend that Plaintiff abused the judicial process by failing to answer truthfully on his section 1983 complaint form. Defs.' Br. 14-15.[1] Defendants show that, in the Complaint, Plaintiff checked "yes" to question six regarding previous lawsuits.[2]

---

[1] Defendant Chatman adopted the argument in the other Defendants' previously filed motion to dismiss and brief in support. Def. Chatman's Br. in Supp. of Mot. to Dismiss 7. Consequently, the Court cites only to Defendant Eutsey, Miller, Piercy, and Whiters' brief.

[2] Question six is in Section II of the form complaint form. Section II is titled "Previous Lawsuits" and contains the following note: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF

*Id.* at 15; Compl. 2.  Plaintiff then disclosed a 2011 case captioned *Moody v. Church* in response to question 7 requesting more information if the response to question 6 is "Yes." Compl. 2.  Plaintiff did not, as required by the form, list any other lawsuits on a separate sheet of paper.  *Id.*  Plaintiff, however, filed at least five other lawsuits during his incarceration besides *Moody v. Church*—two of which were filed in the Middle District of Georgia just weeks before Plaintiff filed the current lawsuit.  Defs.' Br. 4-5.[3]  In sum, Plaintiff filed a notarized Complaint containing knowingly inaccurate information.  Compl. 2, 6.

Plaintiff failed to respond to Defendants' motions to dismiss, despite orders directing him to respond (ECF Nos. 25, 35).  Plaintiff has continued to file motions and letters unrelated to the motions to dismiss, but has not offered any explanation for his failure to file an accurate and truthful Complaint.  Plaintiff similarly failed to disclose his full litigation history on his complaints in the other two currently pending Middle District cases—*Moody v. Shoults*, 5:15-cv-325 (M.D. Ga.) and *Moody v. Martin*, 5:15-cv-341 (M.D. Ga.).  In response to question six in those two cases, he disclosed only *Moody v. Church*.  *Moody v. Shoults*, 5:15-cv-325, Compl 2-3, ECF No. 1; *Moody v. Martin*, 5:15-cv-341, Compl. 2-3, ECF No. 1.

---

ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL. Compl. 2. Question six reads: "Other than the appeal of your conviction or sentence, and other than any habeas action, have you ever filed any lawsuit while incarcerated or detained?" *Id.* The plaintiff is then prompted to list the details of the lawsuit and is told to include additional pages on a separate sheet of paper if he has filed more than one lawsuit. *Id.*

[3] Plaintiff filed the following additional actions: *Moody v. Porshe*, 1:08-cv-1555 (N.D. Ga.); *Moody v. Simon*, 1:09-cv-2679 (N.D. Ga.); *Moody v. Welch*, 1:14-cv-798 (N.D. Ga.); *Moody v. Shoults*, 5:15-cv-325 (M.D. Ga.); *Moody v. Martin*, 5:15-cv-341 (M.D. Ga.). A review of the docket reports shows that Plaintiff proceeded *in forma pauperis* in each of these cases.

"A district court may impose sanctions if a party knowingly files a pleading contain[ing] false contentions." *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006); *see also* Fed. R. Civ. P. 11(c). Similarly, a court may dismiss the case of a prisoner proceeding IFP at any time if the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). "A finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997). "Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules." *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225-26 (11th Cir. 2011) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). The crux of the Court's determination as to whether a plaintiff abused the judicial process is whether the information provided was false. "If Plaintiff suffered no penalty for his untruthful responses in the Complaint, there would little or no disincentive for his attempt to evade or undermine the purpose of the form." *Williams v. Wiggins*, No. 6:09-CV-943-Orl-28DAB, 2010 WL 4983665, at *4 (M.D. Fla. Dec. 2, 2010); *see also Johnson v. Crawson*, No. 5:08cv300/RS/EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010); *Thomas v. Ammons*, No. CV409-139, 2009 WL 5174109, at *1 (S.D. Ga. Dec. 23, 2009).

The Eleventh Circuit has repeatedly affirmed dismissal without prejudice as an appropriate sanction in similar circumstances. *See e.g. Redmon*, 414 F. App'x 221 (11th Cir. 2011) ("[A] district court may impose sanctions if a party knowingly files a pleading that contains false contentions."); *Young v. Sec'y Fla. for Dep't of Corr.,* 380 F. App'x. 939, 940-41 (11th Cir. 2010) (affirming dismissal of civil rights case pursuant as sanction

4

for plaintiff's failure to disclose prior litigation). This Court has also imposed dismissal as a sanction for incomplete or false answers on its standard § 1983 complaint form. *See, e.g., Howard v. Braddy,* No. 5:12-cv-404, ECF No. 35 (M.D. Ga. Aug. 6, 2014) (dismissing complaint for abuse of process due to failure to fully disclose litigation history); *Herrington v. Jordan*, No. 5:13-cv-65-WLS-MSH, ECF No. 18 (M.D. Ga. Mar. 26, 2014) (imposing dismissal as a sanction under similar circumstances and rejecting a recommendation from the magistrate judge to deny dismissal sought by defendant because "litigants would have little incentive to ensure scrupulous adherence to truthfulness in all matters related to the Court" if dismissal were not imposed).

After reviewing the pleadings, motions, and briefs of the parties, the Court finds that Plaintiff engaged in bad faith by failing to disclose his prior lawsuits when clearly asked on the § 1983 complaint form. Plaintiff failed to respond to either motion to dismiss and explain the inaccuracies. Plaintiff knew about his previous lawsuits but chose not to disclose them to the Court in either this action or his two other Middle District cases. Furthermore, in this case Plaintiff failed to disclose the two other cases currently pending in this Court. Plaintiff engaged in bad faith and has abused the judicial process. Accordingly, it is recommended that Plaintiff's complaint be dismissed without prejudice and Defendants' motions to dismiss be granted.

## II.     Miscellaneous Motions

Also pending before the Court are Plaintiff's motions to dismiss Defendant Whiters (ECF No. 31) and to amend his complaint (ECF No. 36). Because the Court recommends dismissal of Plaintiff's complaint for abuse of the judicial process, these

motions are moot and it is recommended that they be denied as such.[4]

## CONCLUSION

For the reasons described above, it is recommended that Defendants' motions to dismiss (ECF No. 23, 34) be granted and that Plaintiff's Complaint be dismissed without prejudice. It is further recommended that Plaintiff's motion to dismiss (ECF No. 31) and motion to amend (ECF No. 36) be denied as moot. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

---

[4] An amended complaint would not cure the deficiencies described herein.

SO RECOMMENDED, this 8th day of August, 2016.

<u>/s/ Stephen Hyles</u><br>
UNITED STATES MAGISTRATE JUDGE