**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| JEREMY MOODY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 5:15-CV-348-MTT-MSH |
| DEPUTY WARDEN KEITH ) | |
| EUTSEY, et. al., ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT & RECOMMENDATION

United States Magistrate Judge Stephen Hyles recommends granting the Defendants' motions to dismiss (Docs. 23-1; Doc. 34) as a sanction for the Plaintiff's abuse of process. (Doc. 39). Moody objected. (Doc. 40). Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered Moody's objection and has made a de novo determination of the portions of the Recommendation subject to Moody's objection.

On March 14, 2016, Defendants Eutsey, Miller, Piercy, and Whiters-Hughes moved for the dismissal of Moody's complaint, in part, because he listed only one of six prior lawsuits, "[o]ther than an appeal of [his] conviction or sentence, and other than any habeas action," "while incarcerated or detained." (Doc. 23-1 at 14-15; *see also* Doc. 1 at 2).[1] On June 13, 2016, Defendant Chatman adopted this argument in his motion to dismiss. (Doc. 34 at 7). On March 14, 2016 and June 14, 2016, the court informed Moody that: "Failure of the Plaintiff herein to respond to and rebut the legal arguments set forth in Defendants' brief may result in said statements being accepted as uncontested and correct. The Court could grant judgment to Defendants and there would be no trial or further proceedings." (Docs. 25 at 2; 35 at 2).

Nearly five months passed after the Court first informed Moody of his need to respond, and on August 9, 2016, the Magistrate Judge, noting Moody's failure to respond

---

[1] Question 7 of the form § 1983 complaint (captioned as the "Questionnaire for the Prisoners Proceeding Pro Se under 42 U.S.C. § 1983") required the Plaintiff to list such lawsuits, explicitly stating that "if you have filed more than one lawsuit, list other lawsuits on a separate sheet of paper, giving the same information for each." (Doc. 1 at 2).

to the motions to dismiss, entered the subject Recommendation that the case be dismissed because of Moody's abuse of process. (Doc. 39 at 2-5).

On August 26, 2016, Plaintiff objected to the Recommendation, arguing that he did not knowingly file false contentions. (Doc. 40 at 3-4). Moody notes that he acknowledged one prior lawsuit and argues that his poor mental health and his lack of knowledge of the case numbers of his other lawsuits should excuse his failure to list the other lawsuits. (*Id.*). Without explanation, Moody states: "Plaintiff . . . has no way of knowing if court (sic) get (sic) motions letters on time or even from plaintiff," and makes reference to his limited access to legal materials. (*Id.*).

Moody offers no reasoned explanation why he waited five months to raise these arguments in response to the Defendants' motions, despite the Court's orders notifying him of the consequences of his failure to respond. Moody appears to have received and simply ignored the Court's notices.[2] Though he comments about general difficulties attendant to prosecuting a lawsuit from a prison cell, Moody does not assert that he did not timely receive the Court's notices or was unable to file a response to the Defendants' motions to dismiss. Moody did not complain that he was prevented from responding. Similarly, Moody did not request additional time to respond.

Despite his contentions regarding his poor mental health, Moody offers no indication that he could not have at least filed a response comparable to his objection (which, notably, Moody drafted without difficulty within 48 hours of receiving the Recommendation). To the contrary, Moody appears to have been mentally capable throughout the relevant period, as he drafted and filed other materials. (*See, e.g.*, Docs. 27 (letter dated March 17, 2016); 31 (motion to dismiss Crystal Hughes Whiters dated April 19, 2016); 36 (motion to amend complaint dated July 10, 2016)).

As a point of clarification, the Defendants' motions and the Magistrate Judge's Recommendation may overstate the number of prior cases that Moody failed to list. (Doc. 23-1 at 4-5; 39 at 3). Two of the five cited cases—*Moody v. Shoults*, 5:15-cv-325

---

[2] Moody seems to be receiving materials sent by the Court; he signed his objection August 10, 2016, just two days after the Court's entry of the Recommendation. (*Compare* Doc. 40 at 4 *with* Doc. 39).

(M.D. Ga.) (docketed as filed August 24, 2015), and *Moody v. Martin*, 5:15-cv-341 (M.D. Ga.) (docketed as filed September 1, 2015)—though appearing to have been filed just weeks before this action, and thus egregious instances of misconduct, may be something less. The complaints were signed by Moody the same day: July 15, 2015. (*Compare* Doc. 1 at 6, *with Moody v. Shoults*, 5:15-cv-325, Doc. 1 at 6 *and Moody v. Martin*, 5:15-cv-341, Doc. 1 at 6). It seems that Moody may have simultaneously delivered the complaints into the prison mail. (*See Moody v. Shoults*, 5:15-cv-325, Doc. 1-2 (envelope with "2-of-3" written on it); Doc. 5 (letter stating "I sented (sic) in 3 letters 1983 forms. Im (sic) worry (sic) that this prison didn't mail them to your court I need a contact person so I can send the rest of my suits").

Regardless, however, Moody clearly failed to list three prior actions filed in the Northern District of Georgia—*Moody v. Porshe*, 1:08-cv-1555 (N.D. Ga.); *Moody v. Simon*, 1:09-cv-2679 (N.D. Ga.); and *Moody v. Welch*, 1:14-cv-798 (N.D. Ga.). Further, Moody failed to respond to the Defendants' motions to dismiss. Accordingly, his belated and unsupported assertion in his objection that he did not knowingly falsify his complaint is not, by itself, sufficient to avoid dismissal at this stage of the proceeding. *Cf. Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

The Court has reviewed the Recommendation and, subject to the above clarification, adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation, as clarified, is **ADOPTED** and made the order of this Court. Accordingly, the Defendants' motions to dismiss are **GRANTED**, Moody's Complaint is **DISMISSED** without prejudice and Plaintiff's motion to dismiss (Doc. 31) and motion to amend (Doc. 36) are **DENIED** as moot.

**SO ORDERED,** this 3rd day of November, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT